[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12512

_____

D.C. Docket No. 07-02330-CV-T-30-TGW

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2010
JOHN LEY
CLERK

BETSY KRUTZIG,

                                        Plaintiff-Appellant,

                    versus

PULTE HOME CORPORATION
d.b.a. Pulte Homes,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 5, 2010)

Before DUBINA, Chief Judge, KRAVITCH, Circuit Judge, and ALBRITTON,[*]
District Judge.

---

[*] Honorable W. Harold Albritton, United States District Judge for the Middle District of
Alabama, sitting by designation.

ALBRITTON, District Judge:

This case presents an appeal by Betsy Krutzig of a grant of summary judgment in favor of Pulte Home Corporation d/b/a Pulte Homes ("Pulte"). Krutzig was terminated from her employment with Pulte and claims that her termination was an act of retaliation and interference with her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; and interference with her rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* For the reasons set forth below, we affirm the district court's entry of summary judgment in favor of Pulte.

## I. BACKGROUND

Krutzig was hired by Pulte in January of 2005, as a sales associate selling homes in housing developments in Sarasota, Florida. Her immediate supervisor was Janet Parsons. In June 2007, Krutzig fell and injured her foot. She did not initially request any leave from work at Pulte as a result of this injury.

In July 2007, Krutzig received two written warnings from Parsons and was placed on a 30-day performance improvement plan.

On Friday, August 17, 2007, Krutzig contacted Jessica Hernandez-Parkman, a human resources representative for Pulte who was located in Estero, Florida and

supervised by Kathy McQuire, and requested FMLA leave for a period of time during which she was scheduled to have surgery on her foot. Hernandez-Parkman sent forms relevant to medical leave by facsimile to Krutzig's office in Sarasota, Florida, and also provided contact information so that Krutzig could file a claim for short-term disability benefits with an insurance company. In response, Krutzig faxed Hernandez-Parkman in Estero a form signed by her doctor. Krutzig attempted to have her supervisor, Parsons, located in the Sarasota offices, sign her leave form on the same day, August 17, but Parsons was in her office with her door shut, and Krutzig was never able to ask for approval.

Also on August 17, Krutzig met with a disgruntled customer named Donna Guerrieri, who had complained to Pulte's CEO about a situation with a home she was purchasing. After meeting with Krutzig, Guerrieri spoke to Jill Hoffman, Pulte's Vice President of Sales and Marketing, and also voiced a complaint to Hoffman. Hoffman called Jeff Cooper, Director of Sales with Pulte in Sarasota, to discuss the situation. The following day, Saturday, August 18, Cooper advised Hoffman by telephone that he had decided to terminate Krutzig. When Krutzig reported to work on Monday, August 20, she was informed by Cooper that her employment had been terminated.

Cooper testified in his deposition that he decided to terminate Krutzig based

on her failure to address the issues in her performance improvement plan, including the lack of communication with customers and infractions regarding attitude and teamwork, and also the situation with customer Guerrieri, and that he was not aware of any request by her for FMLA leave at the time he made the decision. Hoffman testified that she first became aware of Krutzig's request for leave in an e-mail dated August 20, 2007, and that the decision to terminate Krutzig was made on August 18, 2007.

Krutzig filed a complaint in federal district court as a result of her termination. The district court subsequently granted Pulte's motion for summary judgment as to Krutzig's FMLA retaliation and ERISA interference claims on the ground that there was no evidence in the record that management at Pulte was aware of Krutzig's FMLA leave request at the time the decision was made to terminate her. The district court granted summary judgment as to the FMLA interference claim on the basis that Krutzig failed to provide any medical evidence substantiating her alleged medical condition and entitlement to FMLA leave. The district court further concluded that Krutzig failed to present evidence that she submitted a valid request for FMLA leave. The district court alternatively granted summary judgment on the FMLA interference claim based on a finding that Krutzig would have been terminated regardless of any request for FMLA leave.

## II. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment *de novo*, applying the same legal standards used by the district court. *Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008). Summary judgment is appropriate where, viewing the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party, there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

This court may affirm a decision of the district court on any ground supported by the record. *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

## III. DISCUSSION

Krutzig has appealed the grant of summary judgment in Pulte's favor on her FMLA retaliation and interference claims, and her ERISA interference claim.

A prima facie case of retaliation under the FMLA requires a showing that (1) the employee engaged in statutorily protected conduct, (2) the employee suffered an adverse employment action, and (3) there is a causal connection between the two. *Smith v. BellSouth Telecomm., Inc.*, 273 F.3d 1303, 1314 (11th Cir. 2001). The causal connection element is satisfied if a plaintiff shows that the protected activity and adverse action were " not wholly unrelated." *Brungart v.*

*BellSouth Telecomm., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).  Generally, a plaintiff can show the two events are not wholly unrelated if the plaintiff shows that the decision  maker was aware of the protected conduct at the time of the adverse employment action. *Id.*   Temporal proximity alone, however, is not sufficient to establish a causal connection when there is unrebutted evidence that the decision maker was not aware of the protected activity.  *Id.*  Furthermore, knowledge on the part of persons other than a decision maker cannot be imputed from other supervisors to the decision maker for purposes of an FMLA retaliation claim.  *Id.* at 800.

Similarly, an ERISA interference claim requires a showing that the plaintiff "(1) is entitled to ERISA protection, (2) was qualified for the position, and (3) was discharged under circumstances which give rise to an inference of discrimination." *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1223 (11th Cir. 1993).  To prevail on an ERISA interference claim, a plaintiff "must introduce evidence suggesting that the employer's decision was directed at ERISA rights in particular."  *Id.* at 1224.

The only issue presented in this appeal, with respect to the prima facie case of Krutzig's FMLA retaliation and ERISA interference claims, is whether she created a question of material fact as to whether the decision maker was aware of Krutzig's request for FMLA leave or disability benefits before deciding to

6

terminate her employment.

Krutzig argues that there is a question of fact as to whether Cooper or Hoffman made the decision to terminate her employment. She also contends that the temporal proximity of one day between her termination and her requests for FMLA and short-term disability benefits, and the circumstances of the termination, can prove that the termination and requested benefits are not wholly unrelated.

Even accepting, as Krutzig argues, that there is a question of fact as to whether Hoffman or Cooper was the final decision maker, no evidence in the record rebuts the affirmative evidence offered by Pulte that Hoffman and Cooper both were unaware of Krutzig's FMLA request at the time the decision was made to terminate Krutzig's employment. There also is no evidence in the record to support a finding that Hoffman or Cooper knew of any application for short-term benefits by Krutzig at the time the decision was made to terminate Krutzig's employment. Since Krutzig failed to present sufficient evidence to create a genuine issue of fact as to causal connection for her FMLA retaliation and ERISA interference claims, Pulte is entitled to summary judgment on those claims.

Different issues are presented by the FMLA interference claim. To establish an interference claim, "an employee need only demonstrate by a

7

preponderance of the evidence that he was entitled to the benefit denied."

*Strickland v. Water Works and Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206-07

(11th Cir. 2001). The employee need not allege that his employer intended to

deny the benefit, because "the employer's motives are irrelevant." *Id.* at 1208.

Krutzig has argued that the district court granted summary judgment on the

FMLA interference claim on grounds not raised by Pulte in its motion, i.e., that

she had failed to present evidence of a valid request for, and a medical condition

entitling her to, FMLA leave, so that she was not given an adequate opportunity to

respond. The district court, however, also granted summary judgment on the

alternative ground that Krutzig would have been terminated despite her FMLA

leave request, which was an argument raised in the brief in support of the motion

for summary judgment. The alternative ground for summary judgment is,

therefore, properly presented for this court's *de novo* review.

This court has previously concluded that, if an employer can show that it

refused to reinstate an employee for a reason unrelated to FMLA leave, the

employer is not liable for failing to reinstate the employee after the employee has

taken FMLA leave. *Strickland*, 239 F.3d at 1208.

Other circuits have extended the same analysis to FMLA claims based on

interference with the right to commence FMLA leave. *See Phillips v. Mathews*,

8

547 F.3d 905 (8th Cir. 2008); *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877 (10th Cir. 2004); *Arban v. West Publ'g Corp.*, 345 F.3d 390 (6th Cir. 2003). These circuits have reasoned that, as with the FMLA right to reinstatement, the FMLA right to non-interference with the commencement of leave is not absolute, and if a dismissal would have occurred regardless of the request for FMLA leave, an employee may be dismissed, preventing her from exercising her right to leave or reinstatement. *See Phillips*, 547 F.3d 911-12; *Bones*, 366 F.3d at 877-78; *Arban*, 345 F.3d at 401. These circuits have concluded that an employee who requests FMLA leave has no greater protection against her employment being terminated for reasons unrelated to an FMLA request than she did before submitting the request. *See, e.g., Arban*, 345 F.3d at 401.

This court has not previously decided whether the FMLA right to commence leave is absolute.[1] Now, being presented directly with the issue, the court is persuaded by the reasoning of other circuits which have addressed this issue that the right to commence FMLA leave is not absolute, and that an

---

[1] To the extent that this court's opinion in *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1354 (11th Cir. 2000), distinguishes between the FMLA right of reinstatement and right to commence leave, such a distinction was unnecessary to the disposition of that case, which involved a reinstatement claim only, and, therefore, is not binding. *See Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller*, 957 F.2d 1575, 1578 (11th Cir.), *cert. denied*, 506 U.S. 981, 113 S.Ct. 484, 121 L.Ed.2d 388 (1992).

employee can be dismissed, preventing her from exercising her right to commence FMLA leave, without thereby violating the FMLA, if the employee would have been dismissed regardless of any request for FMLA leave. In this case, the unrebutted evidence that the decision maker was not aware, at the time of the decision to terminate Krutzig, of her request to commence FMLA leave establishes as a matter of law that Krutzig's termination was for reasons other than her requested leave. Pulte is, therefore, entitled to summary judgment on the FMLA interference claim.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM.