[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11162

_____

D.C. Docket No. 0:07-cv-60039-MGC

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24, 2011
JOHN LEY
CLERK

JOSEPH P. D'ANGELO,
individually,

                                                            Plaintiff - Appellant,

Daycon Investors Associates, Inc.,

                                                            Plaintiff,

                        versus

USA,

                                                            Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 24, 2011)

Before BARKETT and MARCUS, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

Joseph P. D'Angelo appeals the district court's grant of summary judgment to the United States on D'Angelo's claim that the government wrongfully assessed taxes and penalties against him under 26 U.S.C. § 6672.[1] The Internal Revenue Service ("IRS") assessed tax penalties against D'Angelo for the unpaid trust fund taxes[2] of two companies—Americare Pulmo-Tech, Inc. ("Pulmo-Tech") and its parent, Americare Services ("Services") (together, "the Companies"). To successfully challenge his liability under § 6672, D'Angelo must show either that he was not responsible for the Companies' tax payments, or that his non-payment was not willful. See Malloy v. United States, 17 F.3d 329, 331 (11th Cir. 1994). D'Angelo conceded his status as a responsible person at oral argument, but he claims that disputed issues of material fact prevent a finding of willfulness without

---

[*] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

[1] 26 U.S.C. § 6672(a) provides in relevant part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

[2] Employers are required to set aside the withheld portion of their employees' paychecks in a trust account and then pay the contents of the trust over to the United States at appointed times. D'Angelo concedes that the withheld funds were not paid.

a trial.[3]

A taxpayer's non-payment of withheld taxes is willful if he "either had actual knowledge that the taxes were not being paid or acted with a reckless disregard of a known or obvious risk of nonpayment." Malloy, 17 F.3d at 332. The district court found that D'Angelo had actual knowledge of the unpaid taxes; D'Angelo claims that the court improperly relied on credibility assessments. However, we need not reach the issue of actual knowledge because the uncontested evidence supports the conclusion that D'Angelo recklessly disregarded an obvious risk that the companies would not pay the withheld taxes.[4]

D'Angelo "is liable 'if he (1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and if (3) he was in a position to find out for certain very easily.'" Malloy, 17 F.3d at 332 n.12 (11th Cir. 1994) (quoting Wright v. United States, 809 F.2d 425, 427 (7th Cir.1987)). D'Angelo's actions meet this standard. He created Pulmo-Tech as a subsidiary of

---

[3] "This court reviews a district court's grant of summary judgment de novo, applying the same legal standards used by the district court." Krutzig v. Pulte Home Corp., 602 F.3d 1231, 1234 (11th Cir. 2010). Summary judgment is appropriate only if the evidence, viewed in the light most favorable to the non-moving party, shows that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

[4] We can affirm summary judgment "on any legal ground," even though the court did not address the reckless disregard prong. Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1236 (11th Cir. 2004).

Services[5] to take over a struggling company managed by his friend, Barbara Born. D'Angelo was a founder, director, and president or CEO of the Companies, and his was the only name on their bank accounts. Despite Born's failings at the predecessor company, he retained her as Pulmo-Tech's manager, and Pulmo-Tech soon began losing money. By the time he decided to shut down Pulmo-Tech's offices, he knew that it was insolvent and that Born had failed to pay taxes at her former company. D'Angelo examined Pulmo-Tech's finances in detail sufficient to decide to close the company. At this time, the risk of non-payment of the withholding taxes was obvious, and if he did not actually know, he could easily have discovered the truth. Cf. Malloy, 17 F.3d at 332 (finding notice of an obvious risk based on failure to investigate despite knowledge of company's financial difficulties and non-payment of withholding taxes by predecessor company run by the same managers). Further, after receiving a notice from the IRS a year later, he simply gave it to his attorney and still did not inquire into the Companies' tax payments. The record demonstrates that, at a minimum, D'Angelo recklessly disregarded an obvious risk that the Companies would not pay the taxes due.

---

[5] Services was an investment vehicle and administrative hub through which D'Angelo and other investors acquired companies and managed them. D'Angelo admits that he was the only officer with control of Services' operations. Services' tax liability is derivative of Pulmo-Tech's following the latter's closing.

Accordingly, we reject D'Angelo's claim that the district court erred in finding his non-payment willful, and we **AFFIRM** the district court's grant of summary judgement in favor of the government.