[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2012
JOHN LEY
CLERK

No. 11-14219
Non-Argument Calendar

_____

D.C. Docket No. 0:10-cv-61606-JIC

ROY FERGUSON,

Plaintiff-Appellant,

versus

NORTH BROWARD HOSPITAL DISTRICT,
n.k.a. Broward Health,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 30, 2012)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Roy Ferguson appeals the summary judgment against his complaint that his

former employer, North Broward Hospital District, interfered with his right to intermittent leave under the Family Medical Leave Act. 29 U.S.C. § 2615(a). We affirm.

We review a summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. Cruz v. Publix Super Mkts., Inc., 428 F.3d 1379, 1382 (11th Cir. 2005). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The Act grants an eligible employee "12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes [him] unable to perform the functions of [his] position," 29 U.S.C. § 2612(a)(1)(D), and the Act prohibits employers from interfering with or denying that right to medical leave, id. § 2615(a)(1). To prevail on a claim of interference, the employee must prove that he was entitled to and "availed himself of a protected right under the [Act]"; that he "suffered an adverse employment decision"; and that "there [was] a causal connection between the protected activity and the adverse employment decision." Wascura v. City of S. Miami, 257 F.3d 1238, 1248 (11th Cir. 2001) (internal quotation marks omitted).

Ferguson failed to prove that he was entitled to leave under section

2

2612(a)(1)(D). To verify that Ferguson had a severe medical condition that was incapacitating, Broward Health required Ferguson to submit "a certification issued by [his] health care provider" containing "a statement that [he] [was] unable to perform the functions of [his] position," id. § 2613(b)(4)(B), and "a statement of the medical necessity for the intermittent leave," id. § 2613(b)(6). Ferguson's doctor reported that Ferguson had diabetes, a disease that qualified as a serious medical condition, 29 C.F.R. § 825.115(c)(3), but the doctor did not report that Ferguson's diabetes was incapacitating, see Cruz, 428 F.3d at 1385–86. Ferguson's doctor responded "not applicable" to questions about whether Ferguson's condition rendered him "unable to perform any of his[] job functions"; left him "incapacitated for . . . [an] intermittent period"; "cause[d] episodic flare-ups preventing the performance of his[] job functions"; or created a "medical[] necess[ity] for [him] to be off from work due to . . . flare-ups." And Ferguson admitted that he "was able to fully perform the essential functions of his position while at work."

Even if we assume that Ferguson had been entitled to leave under the Act, he failed to refute evidence introduced by Broward Health that it fired him for reasons unrelated to his request for leave. "In an FMLA interference case, courts examine not whether the FMLA leave was the but-for cause of an employee's discharge or

3

demotion, but rather whether it was the proximate cause," when assessing an employer's affirmative defense concerning the lack of causation. Schaaf v. Smithkline Beecham Corp., 602 F.3d 1236, 1242 (11th Cir. 2010). Broward Health presented evidence that it had fired Ferguson because he had violated rules governing attendance and punctuality and had acted inappropriately with staff and patients. Broward Health presented three consecutive performance evaluations that discussed how Ferguson's work had declined, three performance improvement plans, one disciplinary report issued for being rude to a patient, and two disciplinary reports issued for refusing to move a patient and for delaying transportation of a patient to take a break. Broward Health also introduced evidence that it had twice granted Ferguson leave under the Act for conditions unrelated to his diabetes after he had submitted completed certification forms.

Ferguson argues that the district court "plainly erred in determining there was no causal relationship" when his termination notice stated that he was being fired for taking an "unapproved rest break," but Ferguson's argument fails for two reasons. First, Ferguson challenged the reason for his termination in a motion for reconsideration, but his argument "'could, and should, have been made before the judgment was issued.'" Case v. Eslinger, 555 F.3d 1317, 1329 (11th Cir. 2009) (quoting O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992)). Second,

4

Ferguson's argument lacks merit in the light of the overwhelming evidence that he was fired for disregarding company rules, not for a request for leave that he submitted one month earlier. "[T]he commencement of leave is not absolute, and if a dismissal would have occurred regardless of the request for FMLA leave, an employee may be dismissed." Krutzig v. Pulte Home Corp., 602 F.3d 1231, 1236 (11th Cir. 2010).

We **AFFIRM** the summary judgment in favor of Broward Health.