HULL, Circuit Judge,
specially concurring:
I concur in only the judgment in the majority opinion. I would reverse because the jury’s answer to Question 5 required entry of judgment for the defendants as a matter of law.
At Question 5, the jury found that Hurley’s “request for leave was [not] a substantial or motivating factor that prompted the Defendants] to terminate [Hurley’s] employment.]” The jury’s answer to Question 5 was a finding that Hurley was terminated for some reason unrelated to his request for leave. And that termination occurred on May 1, 2008, which was well before the first day of Hurley’s proposed FMLA leave (May 21, 2008).
This finding doomed both Hurley’s FMLA discrimination claim and his FMLA interference claim. This conclusion follows from our precedent. In Krutzig v. Pulte Home Corp., 602 F.3d 1231 (11th Cir.2010), this Court affirmed an award of summary judgment to an employer in an FMLA case. Id. at 1233. Plaintiff Krutzig alleged that she was fired after she requested FMLA-protected medical leave for foot surgery. Id. at 1233-34. She brought FMLA retaliation and interference claims. Id. at 1234. At summary judgment, the defendant-employer proffered evidence that Krutzig’s termination was unrelated to her request for medical leave, and the plaintiff did not rebut this evidence. Id. The district court granted summary judgment as to both FMLA claims, and we affirmed. Id. at 1233-34.
As for the interference claim, we acknowledged that Krutzig’s burden was only to show that she was entitled to and denied an FMLA benefit. Id. at 1235. However, we went on: “the right to commence FMLA leave is not absolute, and ... an employee can be dismissed, preventing her from exercising her right to commence FMLA leave, without thereby violating the FMLA, if the employee would have been dismissed regardless of any request for FMLA leave.” Id. at 1236. Because the unrebutted evidence showed that “Krutzig’s termination was for reasons other than her requested leave,” the defendant was entitled to summary judgment on the interference claim, regardless of Krut- *1170 zig’s having established a prima facie case for interference. Id.
Krutzig therefore makes clear that when an employee brings an FMLA interference claim alleging that the employer interfered with her FMLA rights by terminating her (as opposed to by taking some other act like simply denying the requested medical leave), the employer can overcome a prima facie case of interference by showing that it terminated the employee for some reason not related to the requested medical leave. See id.; see also Spakes v. Bro-ward Cnty. Sheriff’s Office, 631 F.3d 1307, 1310 (11th Cir.2011) (“If an employer demonstrates that it would have discharged an employee for a reason wholly unrelated to the FMLA leave, the employer is not liable under the FMLA for damages.... ” (internal quotation marks omitted)). Based on the unique facts of this case — where the jury found the termination occurred for an unrelated reason, before the first day of the proposed FMLA leave — the defendants were entitled to judgment as a matter of law.