[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12703
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cv-00696-JEO

ED RUDY,

Plaintiff-Appellant,

versus

WALTER COKE, INC.,
WALTER ENERGY, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 2, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ed Rudy, a former Walter Coke, Inc. ("Walter Coke") employee, appeals the

district court's grant of summary judgment in favor of Walter Coke on his claims

of interference and retaliation under the Family Medical Leave Act ("FMLA"),

filed pursuant to 29 U.S.C. § 2615(a).    Rudy argues that: (1) the district court erred in determining that the general manager decided to terminate him before he requested medical leave, rather than after; (2) his direct supervisor's discriminatory animus could be imputed to the general manager; and (3) Walter Coke should have been precluded from arguing that it had a legitimate, non-discriminatory reason for firing him.  After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party.  Galvez v. Bruce, 552 F.3d 1238, 1241 (11th Cir. 2008).  Summary judgment is appropriate when the moving party shows that (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  Once the moving party submits a properly supported motion for summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (quotation omitted).  To show that there is a genuine issue for trial, the non-moving party must present sufficient favorable evidence for a jury to return a verdict in the non-moving party's favor.  Id. at 249.

Under the FMLA, eligible employees are entitled to take unpaid leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of [his] position."  29 U.S.C. § 2612(a)(1)(D).  A serious

2

health condition is an illness, injury, impairment, or physical condition requiring inpatient care at a hospital or continuing treatment by a health care provider. Id. § 2611(11). To establish a prima facie case of FMLA interference, a plaintiff must show by a preponderance of the evidence that he was denied a benefit to which he was entitled under the FMLA, such as taking leave. Krutzig v. Pulte Home Corp., 602 F.3d 1231, 1235 (11th Cir. 2010). Whether the employer intended to deny the benefit is irrelevant. Id. However, for an employer to be held liable for FMLA interference, the request for leave must have been the proximate cause of the termination. Schaaf v. Smithkline Beecham Corp., 602 F.3d 1236, 1242 (11th Cir. 2010). If the evidence shows that a decisionmaker was unaware of an employee's request to take FMLA leave at the time of the decision to terminate the employee, the employer is entitled to summary judgment. Krutzig, 602 F.3d at 1236.

To state a claim for FMLA retaliation, the plaintiff must show that the defendant intentionally discriminated against him because he engaged in statutorily protected activity. Schaaf, 602 F.3d at 1243. Absent direct evidence of the defendant's intent, courts evaluate FMLA retaliation claims under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Id. Under this framework, the plaintiff must first establish a prima facie case of FMLA retaliation. Id. If the plaintiff is able to present a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory

3

reason for the adverse action. Id.  Once the defendant presents a legitimate, non-discriminatory reason, the burden shifts back to the plaintiff to show that the defendant's purported reason was simply a pretext for discrimination. Id. at 1244.

To establish a prima facie case of FMLA retaliation, the plaintiff must show that (1) he engaged in statutorily protected conduct, (2) he suffered a materially adverse action, and (3) the adverse action was causally related to the protected conduct. Id. at 1243.  The plaintiff may satisfy the causal connection element by showing that the protected activity and adverse action were "not wholly unrelated." Krutzig, 602 F.3d at 1234 (quotation omitted).  Generally, an employee can establish that these events were not wholly unrelated by showing that the decisionmaker was aware of the protected conduct at the time of the adverse action. Id.  Temporal proximity alone does not establish a causal connection when there is unrebutted evidence that the decisionmaker was not aware of the protected activity. Id. at 1235.  Furthermore, other supervisors' knowledge that the plaintiff engaged in protected conduct may not be imputed to the decisionmaker in FMLA retaliation claims. Id.

In other employment discrimination contexts, discriminatory animus may be imputed to a neutral decisionmaker under a "cat's paw" theory if (1) a supervisor performed an act motivated by animus that was intended to cause an adverse employment action, and (2) the act was a proximate cause of the adverse

employment action. See Staub v. Proctor Hosp., 562 U.S. 411, ___, 131 S.Ct. 1186, 1194 (2011).  A plaintiff may establish causation under this theory if the decisionmaker either followed another supervisor's biased recommendation without independently investigating the complaint against the plaintiff or conducted an independent investigation but relied on facts provided by the biased supervisor.  131 S.Ct. at 1193; Stimpson v. City of Tuscaloosa, 186 F.3d 1328, 1332 (11th Cir. 1999).  We have not yet determined whether plaintiffs may proceed under a "cat's paw" theory in the FMLA context.

In this case, the district court properly granted summary judgment in favor of Walter Coke because Rudy did not present evidence suggesting a causal link between his termination and his request for medical leave.  On the one hand, the record shows that Rudy learned that he needed surgery and told his supervisor about the surgery before he was terminated.  However, there is nothing in the record -- other than Rudy's unsupported speculation -- to suggest that either the general manager or the company vice president (the decisionmakers involved in Rudy's termination) knew that he needed surgery or had requested leave at the time Rudy was fired.  Because Rudy did not demonstrate that his request for leave was related to his termination, he also failed to make out a prima facie case of FMLA retaliation.  Moreover, we need not decide whether a supervisor's discriminatory animus may be imputed to a neutral decisionmaker in the FMLA

context because the undisputed evidence shows that the supervisor was uninvolved with the termination process beyond reporting the complaint, and the general manager conducted an independent investigation into the complaint.    Because Rudy failed to establish a prima facie case under the FMLA, we find it unnecessary to determine whether collateral estoppel would preclude Walter Coke from asserting that it had a legitimate, non-discriminatory reason for firing Rudy.

**AFFIRMED**.