[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13400
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00366-CG-C

BRENT JACOBY,

Plaintiff-Appellant,

versus

JOSHUA KEERS, JOHN ROWELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 22, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Brent Jacoby brought a claim under 42 U.S.C. § 1983 against Joshua Keers and John Rowell, employees of the Baldwin County Sheriff's Corrections Center, alleging that they used excessive force against him while he was a pretrial detainee. The district court granted the defendants' motion for summary judgment. Jacoby appeals, contending that the district court erred in granting the motion and abused its discretion in considering certain evidence.

## I.

In May 2012 Jacoby filed his initial complaint pro se against Baldwin County, Sheriff Huey Mack, Major Dale Byrne, Corporal Kent Carr, Officer Joshua Kearse, Officer Mark Boyington, Officer John Rowell, and Sergeant Edward Scott. He alleged that various employees of the jail retaliated against him for filing grievances and used excessive force against him by deliberately smearing his face in mace on the floor of his cell, only washing the mace off for two to three seconds, and leaving him in a restraint chair for eight-and-a-half to nine hours in clothing drenched in urine and coated in mace. In December 2012 the district court adopted the magistrate judge's report recommending the dismissal of Baldwin County and Sergeant Scott. The following month it ordered the remaining defendants to file a special report and answer. The district court

2

converted the special report to a motion for summary judgment and, in May 2014, entered summary judgment for all defendants on all counts.

In November 2016 we reversed the grant of summary judgment on Jacoby's excessive force claim against Rowell and Keers and remanded for further proceedings. Jacoby v. Baldwin Cty., 666 F. App'x 759, 766 (11th Cir. 2016). We noted that the only evidence in the record at that time regarding the disciplinary incident in which Jacoby contended that Rowell and Keers used excessive force against him came from his verified complaint. Id. at 764. We held that construing the evidence in the light most favorable to Jacoby, the record indicated "that after he was pepper sprayed, his face was rubbed in pepper spray on the floor, washed with water for two to three seconds and then he was left alone in the restraint chair for more than eight hours while still in his pepper-sprayed clothes. During that time he urinated on himself and cried for help because he burned from his pepper-sprayed and urine-soaked clothing." Id. Accordingly we held that there was a genuine issue of material fact as to whether Rowell and Keers used excessive force against Jacoby in violation of his Fourteenth Amendment rights and remanded the matter back to the district court.

The defendants submitted additional evidence — including a video of the incident and pictures of Jacoby taken in 15-minute intervals while in the restraint chair afterwards — and filed another motion for summary judgment after the

3

district court entered a Rule 16(b) scheduling order allowing both parties to submit dispositive motions.

The video shows the defendants removing Jacoby from his cell to administrative segregation pending a disciplinary hearing. In the video the defendants stood outside the door to Jacoby's cell pointing towards the ground. Rather then getting down on the floor, Jacoby wrapped his head in fabric and held a sheet in front of his body. The defendants then entered the cell, told Jacoby to get on the floor multiple times, and deployed one burst of pepper spray when he did not comply. After Jacoby continued to fail to comply with orders to get on the floor, the defendants deployed pepper spray a second time. Jacoby then got on his knees and leaned his head against the sheet on the ground. At this point there is an interval of approximately two seconds where the camera's view was obscured by an officer standing in front of the camera. Officers then handcuffed Jacoby and led him out of the cell.

The video later depicted officers decontaminating Jacoby by placing his head in a sink and washing his face for approximately 30 seconds. Jacoby asked to rinse his mouth out and officers allowed him to take multiple sips from the sink. Officers then dried his face with paper towels. The video then showed the officers placing Jacoby in a restraint chair. After he was placed in the chair, Jacoby leaned down and wiped his eyes on his pants leg and asked to remove his shirt because it

4

was "soaked from mace."  Jacoby then addressed the camera and said: "Leave me like this eight hours. Maced up. Can't open my eyes."

In addition to the video, the defendants also submitted photographs of Jacoby in the restraint chair while he was on general observation with 15-minute checks.  The photographs show that he was allowed to remove his shirt and pants while in the restraint chair.  In July 2017 the district court granted the defendants' motion for summary judgment.

## II.

Jacoby first contends that the district court erred in considering three exhibits that were attached to the defendants' motion for summary judgment, including the photographs of Jacoby in the restraint chair, because they were not authenticated.

"We review a district court's evidentiary rulings at the summary judgment stage only for abuse of discretion."  Wright v. Farouk Sys., Inc., 701 F.3d 907, 910 (11th Cir. 2012).

At the summary judgment stage "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  A court may consider such materials so long as the proffering party can "show that the material is admissible as presented or . . . explain the admissible form that is anticipated."  Id. advisory committee's

5

note to 2010 amendment.  A record of an organization's regularly conducted activity or a record made at or near the time of an event by someone with knowledge of the event is self-authenticating.  Fed. R. Evid. 902(11), 803(6).

The district court did not abuse its discretion in holding that the defendants' exhibits can be considered at the summary judgment stage.  When a Rule 56(c)(2) objection is made, it is within the district court's discretion to determine if the material used to support a fact can be presented in a form that would be admissible at trial.  The defendants explained in their reply brief in support of their motion for summary judgment that they anticipate that the exhibits would be admissible at trial as business records.  It was within the district court's discretion whether to accept that explanation, and it did not abuse that discretion in doing so.

## III.

Jacoby next contends that the district court erred in holding that the defendants were entitled to qualified immunity and granting their motion for summary judgment on that basis.

We review de novo a grant of summary judgment.  Krutzig v. Pulte Home Corp., 602 F.3d 1231, 1234 (11th Cir. 2010).[1]  Summary judgment should be granted only when the moving party demonstrates that that "there is no genuine

---

[1] Jacoby contends that the district court "misapprehended and misapplied the summary judgment standard."  But because our review of the district court's grant of summary judgment is de novo we need not determine whether the court applied the correct standard.

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To determine if the moving party has shown that there is no genuine issue as to any material fact we must ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986).  When determining whether the moving party has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party. See Rojas v. Florida, 285 F.3d 1339, 1341–42 (11th Cir. 2002).

To obtain qualified immunity the defendants first must show that they were acting within their discretionary authority. Mobley v. Palm Beach Cty. Sheriff Dep't, 783 F.3d 1347, 1352 (11th Cir. 2015).  Once an official has done so, "the plaintiff must demonstrate (1) that the facts show that the official violated the plaintiff's constitutional rights and (2) that the law clearly established those rights at the time of the alleged misconduct." Mobley v. Palm Beach Cty. Sheriff Dep't, 783 F.3d 1347, 1353 (11th Cir. 2015) (quotation marks omitted).  To show that excessive force was used against him in violation of the Fourteenth amendment "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015).

7

Here there is no dispute that the defendants acted within their discretionary authority. Jacoby alleges that there is a genuine issue of material fact as to whether the defendants used excessive force against him in violation of his Fourteenth Amendment rights. His verified complaint alleges that the defendants rubbed his face in mace on the floor, washed his face for only two to three seconds, and left him burning in mace and urine contaminated clothing in the restraint chair for eight-and-a-half to nine hours. All of these allegations are directly contradicted by the video of the incident and photographs taken of Jacoby at 15-minute intervals while in the restraint chair. That evidence clearly shows that the defendants washed Jacoby's face thoroughly before placing him in the restraint chair and that he was allowed to remove his contaminated clothing. The video does not show Jacoby's face being rubbed into mace on the floor of his cell.

Jacoby contends that a genuine issue of material fact remains as to whether his face was rubbed into mace on the floor because there is an approximately two-second period in the video where the view is obstructed by an officer walking in front of the camera. But the video does not depict any visible signs of mace on the floor where Jacoby is positioned at this point in the video. It also does not depict the defendants rubbing Jacoby's face into the floor or touching his head. No reasonable jury could find that the defendants had time to grab Jacoby's head, rub it in mace on the floor, and then return their hands and bodies back to their original

8

positions during the two seconds in which the footage was obstructed.  See Scott v. Harris, 550 U.S. 372, 380 (2007) (holding that when a plaintiff's version of events at the summary judgment stage is contradicted by a "videotape [that] tells quite a different story," then the "court should not adopt that version of the facts" that "is blatantly contradicted by the record, so that no reasonable jury could believe it").

Given the direct evidence in the record contradicting Jacoby's claim that excessive force was used against him, no reasonable jury could find that Keers and Rowell violated Jacoby's clearly established Fourteenth Amendment rights, so they are entitled to qualified immunity as a matter of law.  See Anderson, 477 U.S. at 251–52.

**AFFIRMED.**