[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10466

Non-Argument Calendar

_____

LAURIE MCCORMICK,

Plaintiff-Appellant,

versus

SOUTHEAST PERSONNEL LEASING, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-01617-SDM-AAS

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Laurie McCormick appeals from the district court's grant of summary judgment against her on her retaliation and failure to accommodate claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112(a), 12203(a), and her retaliation and interference claims under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615(a), against Defendant-Appellee Southeast Personnel Leasing, Inc. (SPLI). First, McCormick argues that the district court erred in failing to review the record in her favor. Second, she argues that the district court erred by concluding that she failed to establish a prima facie case of FMLA or ADA retaliation. Third, she asserts that the district court erred by concluding that she did not present a "convincing mosaic" of circumstantial evidence for her retaliation claims. Finally, she argues that the district court erred by concluding that she did not present a prima facie case of FMLA interference or ADA failure to accommodate.

After careful review, we affirm. For ease of reference, we will address each point in turn.

I.

McCormick was employed with SPLI for two years as a payroll technician when she was terminated for allegedly poor performance and unprofessionalism. She alleges that her termination constituted FMLA and ADA retaliation, FMLA interference, and

ADA failure to accommodate because she had requested FMLA forms to take leave for a disabling knee injury. The district court granted SPLI's motion for summary judgment, finding that the record conclusively demonstrates that SPLI terminated McCormick for reasons unrelated to her FMLA and ADA rights.

## II.

McCormick first argues that the district court failed to view the evidence in her favor. We review a district court's grant of summary judgment de novo. *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010). Summary judgment is appropriate where, viewing the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party, there is no genuine issue of any material fact. *Id.* A court should give credence to the evidence supporting the movant that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 151 (2000). Unrebutted evidence from the defendant can be a basis for summary judgment. *See Martin v. Fin. Asset Mgmt. Sys.*, 959 F.3d 1048, 1054–58 (11th Cir. 2020).

Here, the court referenced uncontested SPLI factual assertions in the record. McCormick contends that this contravenes the court's obligation to draw all inferences in the light most favorable to the nonmoving party. However, McCormick failed to raise a factual dispute and as such the court accurately relied on the record as a whole. Further, relying on uncontradicted or undisputed

evidence in the record is not a credibility evaluation, and therefore it does not circumvent the standards for summary judgment. Therefore, the district court did not fail to apply the correct standard with respect to any of the summary judgment-related points McCormick raises.

## III.

Second, McCormick argues that the district court erred in finding that she failed to establish the prima facie elements of FMLA and ADA retaliation.[1]  A prima facie case of retaliation under the FMLA or ADA requires a showing that (1) the employee engaged in statutorily protected conduct, (2) the employee suffered an adverse employment action, and (3) there is a causal connection between the two. *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1219 (11th Cir. 2021).  However, when an employer contemplates an action before an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse action does not suffice to show causation. *Drago v. Jenne*,

---

[1] Under the *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), framework applicable to ADA and FMLA retaliation cases, a plaintiff must establish a *prima facie* case of retaliation to survive summary judgment. *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1219 (11th Cir. 2021).  If the plaintiff does so, the employer has the burden to offer a legitimate nondiscriminatory reason for its employment decision. *Id.*  If the employer carries that burden, then the plaintiff must show that the proffered nondiscriminatory reasons are pretextual. *Id.*

453 F.3d 1301, 1308 (11th Cir. 2006); *see also Whatley v. Metro. Atlanta Rapid Transit Auth.*, 632 F.2d 1325, 1329 (5th Cir. 1980)[2] (concluding that even though the plaintiff engaged in protected expression in close temporal proximity to the adverse action, there was no causal connection because the evidence demonstrated that the dismissal was actually caused by "a culmination of problems growing out of appellant's manner of handling his job, his lack of cooperation within his office, his mismanagement of his staff, his refusal to comply with the terms of his job description, and his refusal to follow instructions from his supervisor").

Here, McCormick failed to show that the undisputed temporal proximity establishes causation. SPLI's unrebutted testimony shows that although McCormick's supervisors fired her on Friday, May 31, 2019, the same day she requested FMLA paperwork, McCormick's supervisors decided to fire her on Tuesday, May 28, 2019. Further, unrebutted testimony from McCormick's supervisors established that they did not need approval from SPLI's human resources department, and the human resources director was not involved in decisions to fire employees. Thus, without further evidence of a causal connection, McCormick failed to establish a prima facie case of retaliation. *See Drago*, 453 F.3d at 1308.

IV.

---

[2] We are bound by decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Third, McCormick argues that the district court erred in finding that she failed to present a "convincing mosaic" of evidence.  Despite a claim failing under the burden-shifting framework set forth in *McDonnell Douglas*, a plaintiff may survive summary judgment if she presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent by introducing evidence sufficient to show, when viewed in the light most favorable to the plaintiff, a "convincing mosaic" of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.  *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).  A plaintiff may establish a "convincing mosaic" by pointing to evidence that demonstrates, among other things, (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred; (2) superior treatment of similarly situated workers; and (3) pretext.  *Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022).

In civil cases, we generally will not review issues not raised in the district court.  *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1352 (11th Cir. 2017).  We can, however, notice plain error if the issue is a pure question of law and refusal to consider it would result in a miscarriage of justice.  *Id.*

Here, McCormick did not raise a "convincing mosaic" argument before the district court, so we decline to consider her argument in this respect.  *See Burch*, 861 F.3d at 1352.  Even if we did consider it, we conclude that the circumstantial evidence

McCormick points to does not establish a "convincing mosaic" of retaliation.

## V.

Finally, McCormick argues that the district court erred in finding that she failed to establish a prime facie claim for her FMLA interference claim and the ADA failure to accommodate claim. To succeed on an FMLA interference claim, a plaintiff must show that (1) she was entitled to a benefit under the FMLA and (2) that her employer denied her that benefit. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015). If a dismissal would have occurred regardless of a request for FMLA leave, an employee may be dismissed notwithstanding that her termination would prevent her from exercising her right to leave or reinstatement. *Krutzig*, 602 F.3d at 1236.

Under the ADA, an employer may not discriminate against a qualified individual with a disability because of her disability. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1262 (11th Cir. 2007). Discrimination includes failing to make reasonable accommodations. *Id.* The duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made. *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999) (per curiam).

Here, the record shows that McCormick failed to establish elements of both claims. First, as to her FMLA interference claim, she was not denied the FMLA paperwork she requested, and

unrebutted evidence established that SPLI would have fired her regardless of her request for FMLA paperwork.  *See White*, 789 F.3d at 1191; *Krutzig*, 602 F.3d at 1236.  Second, as to her ADA failure to accommodate claim, she failed to proffer any evidence that her request for FMLA paperwork established either a demand for an accommodation or that she was seeking an accommodation.  *See Gaston*, 167 F.3d at 1363.

We affirm the district court's grant of summary judgment on behalf of SPLI.

**AFFIRMED.**