[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13072

Non-Argument Calendar

_____

SHERRIE REENEA JONES,

Plaintiff-Appellant,

*versus*

JACOB RIEBEN,
CLIFFORD CARROLL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cv-00150-AW-MAF

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Officers tried to pull over Sherrie Reena Jones for erratic driving, but she ignored the officers for over a mile. She eventually pulled over into her driveway, and officers approached her vehicle and asked her to roll her window down. She refused, suddenly accelerated, made a U-turn, and drove towards one of the officers. That officer shot at Jones and her vehicle three times, striking her in the cheek and earlobe with one of the shots.

Jones sued the two officers on the scene for excessive force and false arrest. The district court held that the officers were entitled to qualified immunity because Jones did not show the officers violated a clearly established right. Jones appealed. We now affirm.

**I.**

Sherrie Jones spent most of her day confronting her estranged son's mother and father-in-law about not being invited to her son's wedding. She also confronted her ex-husband, Curtis Carroll, and his mother. Curtis Carroll's brother was a police chief in town, and Curtis called his brother and told him about the altercation unfolding. Chief Carroll and Deputy Rieben responded to the altercation.

As Chief Carroll arrived at the scene, he saw Jones driving away erratically and nearly cause an accident. He initiated a traffic stop, but Jones did not stop until she arrived at her home about a mile after Chief Carroll engaged her. At that point, Deputy Rieben

had joined the pursuit. Chief Carroll approached the car to try to speak with Jones, but quickly allowed Rieben to take the lead.

Rieben instructed Jones to roll down her window, but she refused to comply. Rieben retrieved a window-breaking tool and as he approached the vehicle Jones put the car in drive, accelerated, made an aggressive U-turn, and drove towards Rieben. Rieben discharged his firearm three times, striking Jones in the cheek and earlobe with one of the shots.

Jones was transported to the hospital to be treated for her injuries and was discharged two days later. She was charged with aggravated assault on a law enforcement officer, fleeing or attempting to elude a law enforcement officer, and battery. She sued Chief Carroll and Deputy Rieben for excessive force and false arrest. The district court granted the officers qualified immunity on the excessive force claims because Jones did not show a violation of a clearly established right, and on the false arrest claims because (1) she abandoned those claims and (2) the officers had probable cause to arrest her.

This appeal followed. We review a district court's grant of summary judgment *de novo*. *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).

## II.

Jones argues the district court erred because a jury could conclude that Rieben's use of his firearm and Chief Carrol's failure to intervene in that use of the firearm violated Jones's clearly

established Fourth Amendment right to be free from excessive force. Thus, she says the officers are not entitled to qualified immunity. Jones does not challenge the district court's grant of summary judgment on her false arrest claims.

An officer has qualified immunity when he is acting within the scope of his discretionary authority, which the parties agree Carroll and Rieben were. *See Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016). To overcome an officer's assertion of qualified immunity, a plaintiff must establish (1) the officer's conduct violated a constitutional right, and (2) that right was clearly established. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). A right may be clearly established in any of three ways: a decision from the Supreme Court, the Eleventh Circuit, or the highest court of the state with indistinguishable facts, a "broad statement of principle within the Constitution, statute, or case law," or "conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1291–92 (11th Cir. 2009).

We may address the qualified immunity inquiry in any order, and, as the district court did, we choose to decide this appeal on whether the right Jones argues the officers violated was clearly established at the time of the incident. *See Pearson*, 555 U.S. at 236. We agree with the district court that it was not.

Jones does not argue that Carroll and Rieben engaged in "conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Lewis*, 561 F.3d at 1292.

The district court construed her citation to *Tennessee v. Garner*, 471 U.S. 1 (1985), as an argument that it clearly established a "broad statement of principle" that Carroll and Rieben's conduct violated her Fourth Amendment rights. Like the district court, we reject that argument. The Supreme Court has held that *Garner* was "cast at a high level of generality" and did not clearly establish that an officer's decision to shoot a fleeing driver is always unreasonable. *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (quoting *Brosseau v. Haugen,* 543 U.S. 194 (2004)); *see also District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) ("Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." (cleaned up)). And, in any event, Jones was not fleeing; she turned her car around and drove towards an officer. *Garner* did not suggest—let alone clearly establish—that the officers' conduct was unconstitutional.

Jones also has not pointed to any decision from this court, the United States Supreme Court, or the Florida Supreme Court that clearly establishes the officers violated her Fourth Amendment rights. "[I]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Smith v. Mattox*, 127 F.3d 1416, 1419 (11th Cir. 1997) (cleaned up). At the district court, Jones relied on one published decision and one unpublished decision, both decided after the incident. *See Underwood v. City of Bessemer*, 11 F.4th 1317 (11th Cir. 2021); *Vicente-Abad v. Sonnenberg*, 805 F. App'x 1008 (11th Cir. 2020). She also relied on our decision in *Vaughan v. Cox*, 343 F.3d 1323, 1333 (11th Cir. 2003),

where we identified a Fourth Amendment violation when, during a high-speed chase on the interstate the officer fired multiple rounds into the suspect's vehicle, "transform[ing] the risk of an accident on the highway into a virtual certainty." But this appeal does not involve a high-speed chase on the interstate. Rieben drove her car towards the officer, not away from him. On appeal, Jones does not argue the district court erred in holding that she failed to identify a case with indistinguishable facts and does not identify any additional case law in her briefing. See *Terrell v. Smith*, 668 F.3d 1244, 1256 (11th Cir. 2012) (a case is "not materially similar and, thus, provide[s] insufficient notice . . . to clearly establish the law" when it is "fairly distinguishable" from the circumstances here).

For these reasons, we agree with the district court that Carroll and Rieben are entitled to qualified immunity on Jones's excessive force claims because Jones has not met her burden of showing the officers violated a clearly established right.

## III.

The district court is **AFFIRMED**.