**Kimberly THOMAS, Plaintiff–Appellant,**

v.

**DOLGENCORP, LLC, Defendant–Appellee.**

No. 15–13399

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 15, 2016.

---

Heather Newsom Leonard, Heather Leonard, PC, Birmingham, AL, for Plaintiff–Appellant.

Stanley E. Graham, Christopher A. Driskill, John J. Park, Waller Lansden Dortch & Davis, LLP, Nashville, TN, for Defendant–Appellee.

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Kimberly Thomas brought this action against Dolgencorp, LLC. ("Dollar General"), her former employer, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1), (a)(2). Thomas's ADA claim is that Dollar General discriminated against her based on her disability, cancer, when it terminated her employment as manager of one of its stores after she took leave to have a double mastectomy. Thomas's FMLA claim is two-fold. Dollar General (1) interfered with her right to take FMLA leave when it refused to reinstate her to her store manager position, and instead terminated her, after she returned from medical leave and (2) retaliated against her by terminating her employment for having exercised her right to FMLA leave.

The district court granted Dollar General summary judgment on Thomas's ADA claim because she failed to demonstrate that Dollar General's nondiscriminatory reason for not reinstating her to her former position and terminating her employment—that she took CBLs for employees or worked them "off the clock" without compensation, legitimate grounds for termination—was a pretext for discrimination. The court granted Dollar General summary judgment on her FMLA interference claim, because Dollar General established as a matter of law its affirmative defense that Thomas was terminated for the nondiscriminatory reason stated above, and her FMLA retaliation claim because she failed to show that such reason was a pretext for her having taken FMLA leave.

Thomas appeals the district court's decisions, arguing that she presented sufficient evidence that Dollar General's stated reason for her termination was a pretext for discrimination on the basis of disability and for retaliation against her for taking FMLA leave. She also argues that she presented sufficient evidence to support her FMLA interference claim, because a reasonable factfinder could infer that she was not terminated for a reason unrelated to her exercise of her FMLA rights. After review of the record and consideration of the parties' briefs, we affirm.

## I.

We review a district court's grant of summary judgment *de novo*. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir.2002). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

We analyze ADA discrimination claims under the *McDonnell Douglas* burden-shifting analysis applied to Title VII employment discrimination claims. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir.2000). Under that framework, a plaintiff-employee first establishes a *prima facie* case of discrimination. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir.2004). To establish a *prima facie* case of ADA discrimination, a plaintiff must show (1) a disability, (2) that she was otherwise qualified to perform the job, and (3) that she was discriminated against based upon the disability. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d

1189, 1193 (11th Cir.2004). The burden then shifts to the defendant to articulate a legitimate reason for its employment action. *Wilson,* 376 F.3d at 1087. If it can, the burden shifts back to the plaintiff to offer evidence that the reason is pretextual. *Id.* If the plaintiff fails to show pretext, we affirm the grant of summary judgment on that ground. *EEOC v. Total Sys. Servs.,* 221 F.3d 1171, 1177 (11th Cir.2000). Where the defendant has met its burden of articulating a legitimate, non-discriminatory reason for its action, we may assume without deciding that the plaintiff has established a *prima facie* case and decide the case on the question of pretext. *See, e.g., Holifield v. Reno,* 115 F.3d 1555, 1564 (1997); *Wascura v. City of S. Miami,* 257 F.3d 1238, 1243 (11th Cir.2001).

One way to establish the discrimination prong of a *prima facie* case of discrimination is by showing that the employer treated similarly situated employees outside the protected class more favorably. *See Wilson,* 376 F.3d at 1091. In determining whether employees are similarly situated, it is necessary to consider whether the employees are involved in, or accused of, the same or similar conduct and are disciplined in different ways. *Maniccia v. Brown,* 171 F.3d 1364, 1368 (11th Cir. 1999). When an individual proves that she was fired but another employee outside her class was retained although both violated the same work rule, this raises an inference that the rule was discriminatorily applied. *Nix v. WLCY Radio/Rahall Commc'ns,* 738 F.2d 1181, 1186 (11th Cir. 1984).

The plaintiff can show pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the proffered reason for the employment action that a reasonable factfinder could find them unworthy of credence. *Springer v. Convergys Customer Mgmt. Group Inc.,* 509 F.3d 1344, 1348 (11th Cir.2007). If the proffered reason is one that might motivate a reasonable employer, however, the plaintiff must "meet it head on and rebut it" instead of merely quarreling with it. *Wilson,* 376 F.3d at 1088. A finding that the proffered reason is false does not compel an inference of discrimination, because the burden of proving discriminatory intent remains at all times with the plaintiff. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993). An employer is entitled to rely on a good faith belief that an employee has committed professional misconduct and does not need to prove that belief was correct. *Total Sys. Servs.,* 221 F.3d at 1176. An employer's shifting and inconsistent explanations may be evidence of pretext. *See Cleveland,* 369 F.3d at 1194–95 (finding that employer's four different and inconsistent reasons were evidence of pretext). A stray comment by a supervisor that is unrelated to the employment decision will usually not be sufficient to show pretext absent some additional evidence supporting a finding of pretext. *Scott v. Suncoast Beverage Sales, Inc.,* 295 F.3d 1223, 1229 (11th Cir.2002) (supervisor's statement that "We'll burn his black ass" was insufficient to create an issue of fact on pretext). Though close temporal proximity between a protected activity and an adverse action may be sufficient to show a causal connection, temporal proximity standing alone may not be enough to show that a legitimate, non-discriminatory explanation is a pretext for discrimination. *Wascura,* 257 F.3d at 1244–45.

 Dollar General was entitled to summary judgment because the evidence showed no genuine issue of material fact existed on the issue of pretext. First, the fact that the company listed two mutually exclusive reasons for her termination—

that she took CBLs for employees or worked them "off the clock" without compensation—does not suggest that either reason was pretextual, because it believed that Thomas had committed one offense or the other, and either would be grounds for termination. Second, Thomas's denial that she took CBLs for her employees is immaterial, because the evidence shows that Gomillion conducted an investigation that yielded evidence upon which she had a reasonable good-faith basis to believe that Thomas had falsified records. Third, Gomillion's comments that Thomas's "personal situations" had affected her performance, her alleged statement that she could not "save" Thomas's job, and her alleged attempts to "dig up" things about Thomas are, at best, stray remarks that do not create a material issue of fact concerning pretext. *Scott*, 295 F.3d at 1229. Fourth, the temporal proximity between Thomas's FMLA leave and her termination does not by itself show pretext. *Wascura*, 257 F.3d at 1245. Finally, Thomas's proposed comparator, Reeves, was not similarly situated, because although Gomillion investigated both Thomas and Reeves for similar misconduct, the investigation in Reeves's case did not reveal any evidence that he had falsified records, and instead supported his explanation that he had corrected the records to give Carroll credit for a CBL he had taken. Because a showing of pretext is necessary for Thomas to prevail, her failure to create a triable issue on this question compels summary judgment. We affirm the district court's grant of summary judgment as to Thomas's ADA claim.

## II.

To establish a *prima facie* case of FMLA interference, a plaintiff must show by a preponderance of the evidence that he was denied a benefit to which he was entitled under the FMLA, such as taking leave. *Krutzig v. Pulte Home Corp.*, 602

F.3d 1231, 1235 (11th Cir.2010). Whether the employer intended to deny the benefit is irrelevant. *Id.* However, an employer is not liable for failing to reinstate an employee after she has taken FMLA leave if it can show that it refused to reinstate her for a reason unrelated to FMLA leave. *Id.* at 1236. Thus, in order for an employer to be held liable for FMLA interference, the request for leave must have been the proximate cause of the termination. *Schaaf v. Smithkline Beecham Corp.*, 602 F.3d 1236, 1242 (11th Cir.2010). We have concluded that a plaintiff · who failed to present evidence from which a reasonable jury could find that an employer's proffered reasons were pretextual with respect to an ADA claim had "[f]or the same reasons" failed to present evidence of a causal connection in her FMLA interference claim. *Wascura*, 257 F.3d at 1248.

■ Here, as analyzed in detail above, the only reasonable inference the evidence allows is that Dollar General terminated Thomas because it uncovered evidence that she either falsified company records or worked associates "off the clock." Though the burden of proving an affirmative defense rested with the company, the district court applied the proper standard for an FMLA interference analysis when it stated that "if an employer can show that it would have discharged the employee had she not been on FMLA leave, then the employer can deny the employee's right to reinstatement." *Krutzig*, 602 F.3d at 1235. It did not err merely because it relied on its analysis of the ADA pretext issue in its discussion of the interference claim, because its analysis explained how the evidence compels a finding that Thomas was terminated for falsifying CBL records. Because there is no genuine issue of material fact as to whether Thomas was terminated for a reason unrelated to her FMLA leave, Dollar General was entitled

to summary judgment on the FMLA interference claim.

## III.

To state a claim for FMLA retaliation, Thomas had to show must show that Dollar General intentionally discriminated against her because she engaged in statutorily protected activity. *Schaaf*, 602 F.3d at 1243. Absent direct evidence of the employer's intent, courts evaluate FMLA retaliation claims under the *McDonnell Douglas* burden-shifting framework. *Id.* To establish a *prima facie* case of FMLA retaliation, the plaintiff must show that: (1) she engaged in statutorily protected conduct; (2) she suffered a materially adverse action; and (3) the adverse action was causally related to the protected conduct. *Id.* The plaintiff may satisfy the causal connection element by showing that the protected activity and adverse action were "not wholly unrelated." *Krutzig*, 602 F.3d at 1234. Generally, an employee can establish that these events were not wholly unrelated by showing that the decisionmaker was aware of the protected conduct at the time of the adverse action. *Id.* Where there is no evidence that a decisionmaker was unaware of the protected conduct, temporal proximity between the protected conduct and the adverse action is generally sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir.2006). However, the FMLA is not implicated if an employee's absence permits her employer to discover past professional transgressions that then lead to an adverse employment action against the employee. *Schaaf*, 602 F.3d at 1242.

The evidence of causation before the court was insufficient to allow a reasonable factfinder to infer that Dollar General terminated Thomas in retaliation for taking FMLA leave. Though Thomas's termination closely followed her leave, this temporal proximity does not create a genuine issue of fact on the question of causation, because her leave permitted the company to discover her professional misconduct when Gomillion visited her store in the wake of a robbery. *Schaaf*, 602 F.3d at 1242. Moreover, Thomas cannot establish that the proffered legitimate, non-discriminatory reason for terminating her was a pretext for retaliation, for the reasons discussed above in relation to her ADA claim. Dollar General was due summary judgment on the FMLA retaliation claim.

AFFIRMED.