[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10166
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00002-LGW-RSB

MICHAEL BOYD,

Plaintiff-Appellant,

versus

EXPERIAN INFORMATION SOLUTIONS, INC.,
WELLS FARGO BANK, NA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 8, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Michael Boyd appeals the district court's grant of summary judgment in favor of Wells Fargo Bank, N.A.  After careful review, we affirm the district court.

I.

Boyd is a nuclear submarine missile technician.  In October 2007, someone opened a credit card in his name with Wells Fargo.  According to Mr. Boyd, the only charge ever made to this card was a $1,500 payment to the divorce attorney of his then-wife.  Boyd did not discover this credit card existed until he returned home from sea in January 2008.  By then, the bill for the card was over 60 days late.

Boyd contacted Wells Fargo.  Wells Fargo investigated the account, but ultimately concluded Boyd was responsible for the account's outstanding balance. The debt remained unpaid on Boyd's credit reports.  Boyd claims that because of the credit issue this created, his security clearance was questioned and he was denied favorable credit terms and loans.

In September 2014, Boyd again disputed this debt.  He reported to Equifax that he had "no liability on this account" and "did not open this account."  Equifax forwarded the dispute to Wells Fargo, which reviewed the dispute but determined Boyd was (still) liable for the account.  The account therefore stayed on Boyd's credit report until December 2014, at which time it was removed from his file because it had been seven years since the original date of delinquency.

2

On January 5, 2015, Boyd sued Wells Fargo, alleging violations of the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and defamation under Georgia

law. Specifically, he argued Wells Fargo failed to properly investigate his dispute

in 2014 and review all of the relevant information in violation of 15 U.S.C.

§ 1681s-2(b)(1). Boyd said the falsely reported information on his credit reports

had caused him $200,000 in actual damages and entitled him to $500,000 in

punitive damages. After discovery was completed, Wells Fargo moved for

summary judgment. The district court granted summary judgment in favor of

Wells Fargo for the FCRA claim and dismissed the defamation claim under

Georgia law. This appeal followed.

## II.

We review de novo the grant of summary judgment. Byars v. Coca-Cola

Co., 517 F.3d 1256, 1263 (11th Cir. 2008). Summary judgment is appropriate only

"if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see

also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552 (1986).

We also review de novo the district court's dismissal of a complaint for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Hill v.

White, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). We accept the

plaintiff's allegations as true and construe his complaint in the light most favorable

to him.  Id.  To avoid dismissal, a complaint must allege enough facts to state a claim that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  This means a plaintiff must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  A recital of the elements of a cause of action, supported only by conclusory statements, is not enough to adequately plead a claim.  Id.  We may affirm the district court on any ground supported by the record, regardless of whether the district court relied on it.  See Krutzig v. Pulte Home Corp., 602 F.3d 1231, 1234 (11th Cir. 2010).

## A.

Boyd first argues the district court erred by granting summary judgment in favor of Wells Fargo for his claim under the FCRA.  The district court determined summary judgment was appropriate for two reasons.  First, the court found there was no genuine issue of material fact about whether Wells Fargo had reasonably investigated Boyd's dispute.  And alternatively, the district court found Boyd failed to produce any evidence that he suffered damages as a result of a FCRA violation.  Under the FCRA, Wells Fargo, as the "furnisher[] of information" was required to "conduct an investigation with respect to the disputed information" and "review all

4

relevant information" after receiving notice of Boyd's dispute from Experian. 15 U.S.C. § 1681s-2(b)(1)(A)–(B).

Boyd argues on appeal that there was a genuine dispute of material fact about whether Wells Fargo's investigation was reasonable. But he failed to make any argument about why the district court's alternative finding was incorrect. That is the district court finding that he failed to produce any evidence that he suffered damages from Wells Fargo's alleged FCRA violation. This Court cannot reverse "a district court judgment that is based on multiple, independent grounds" unless the appellant "convince[s] us that every stated ground for the judgment against him is incorrect." Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014). Because Boyd has not challenged every ground upon which the district court based its ruling, "he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." Id. We must therefore affirm the district court's grant of summary judgment in favor of Wells Fargo on Boyd's FCRA claim.

## B.

Boyd next argues the district court erred by dismissing his defamation claim under Georgia state law. The district court found this claim was not adequately pled. After reviewing the record, we agree with the district court. Boyd's

5

complaint alleged only that Wells Fargo "falsely report[ed] erroneous information . . . in violation of . . . Georgia law."

Although later briefing from Boyd clarified that this was intended to allege a defamation claim, neither Boyd's complaint nor the amendment to his complaint adequately pled such a claim.  Under Georgia law, three elements must be proved to establish defamation: (1) a false statement that was (2) malicious, and (3) published.  O.C.G.A. § 51-5-1(a); see also Info. Sys. & Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1228 (11th Cir. 2002).  Because Boyd's complaint and the amendment to his complaint do not make any allegation of malice, we affirm the district court's dismissal of this claim.  See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

**AFFIRMED.**