[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11267

Non-Argument Calendar

_____

RYAN WALKER,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:18-cv-62713-RKA

_____

Before JORDAN, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Ryan Walker appeals the district court's order granting summary judgment to United Parcel Service, Inc. ("UPS") on his interference and retaliation claims arising under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* On appeal, Walker argues that: (1) the district court erred when it granted UPS's motion for summary judgment on his FMLA interference claim because he established a *prima facie* case of FMLA interference; and (2) the district court erred when it granted UPS's motion for summary judgment on his FMLA retaliation claim because he established that UPS's proffered reason for terminating him was pretext, and there was a close temporal proximity between his request for FMLA leave and his termination. After careful review, we affirm.

I.

We review a district court's order granting summary judgment *de novo*, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). Summary judgment is proper if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

However, a claim or argument that has not been briefed before us is considered abandoned, and we will not address its merits. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th

Cir. 2004); *see also United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*) (holding that issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances).  An appellant also abandons a claim when he fails to devote a discrete section of his argument to that claim, like when he makes a passing reference to a district court holding without advancing any arguments or citing any authority to establish that the finding was in error. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us  that every stated ground for the judgment against him is incorrect." *Id.* at 680.  If he "fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*  Further, arguments that are "raised for the first time in a reply brief are not properly before a reviewing court." *Herring v. Sec., Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (quotations omitted).

## II.

First, we are unpersuaded by Walker's argument that the district court erred in granting summary judgment to UPS on his FMLA interference claim.  Under the FMLA, an eligible employee is entitled to take up to 12 weeks of "leave during any 12-month period . . . [b]ecause of a *serious health condition* that makes the employee unable to perform the functions of the position."  29

U.S.C. § 2612(a)(1)(D) (emphasis added).  A "serious health condition" means "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider."    Id. § 2611(11); see also 29 C.F.R. § 825.113(a).

The FMLA creates two types of claims -- interference claims and retaliation claims.  29 U.S.C. § 2615(a)(1)–(2); O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1352 (11th Cir. 2000). To establish a prima facie FMLA interference claim, an employee must show, inter alia, that he was entitled to a benefit under the FMLA that was denied. See 29 U.S.C. § 2615(a)(1); Drago v. Jenne, 453 F.3d 1301, 1306 (11th Cir. 2006).  Whether the employer intended to deny the benefit is irrelevant.  Krutzig v. Pulte Home Corp., 602 F.3d 1231, 1235 (11th Cir. 2010).  For an employer to be held liable for FMLA interference, the request for leave must have been the proximate cause of the termination.  Schaaf v. Smithkline Beecham Corp., 602 F.3d 1236, 1242 (11th Cir. 2010).

"Once an employee gives sufficient notice to [his] employer that potentially FMLA-qualifying leave is needed, the employer must then ascertain whether the employee's absence actually qualifies for FMLA protection."  Cruz v. Publix Super Mkts., Inc., 428 F.3d 1379, 1383 (11th Cir. 2005).  Absent unusual circumstances, an employee must also comply with an employer's "usual and customary notice and procedural requirements for requesting leave."  29 C.F.R. §§ 825.302(d), 825.303(c).  An employer may

require an employee to support his leave through a certification issued by his health care provider if the employee is "unable to perform one or more of the essential functions of the employee's position." 29 C.F.R. § 825.305(a). The medical certification must include, in relevant part:

> (1) The name, address, telephone number, and fax number of the health care provider and type of medical practice / specialization;
>
> (2) The approximate date on which the serious health condition commenced, and its probable duration;
>
> (3) A statement or description of appropriate medical facts regarding the patient's health condition for which FMLA leave is requested. The medical facts must be sufficient to support the need for leave. Such medical facts may include information on symptoms, diagnosis, hospitalization, doctor visits, whether medication has been prescribed, any referrals for evaluation or treatment (physical therapy, for example), or any other regimen of continuing treatment;
>
> (4) If the employee is the patient, information sufficient to establish that the employee cannot perform the essential functions of the employee's job as well as the nature of any other work restrictions, and the likely duration of such inability . . . .

*Id.* § 825.306(a). If the employee does not provide a complete and sufficient certification or any certification, the "employer may deny

6                    Opinion of the Court                    21-11267

the taking of FMLA leave, in accordance with § 825.313." *Id.* § 825.305(c), (d).  The employee bears the responsibility to furnish a complete and sufficient certification, or to provide his healthcare provider with the necessary authorization so that his health care provider can "release a complete and sufficient certification to the employer to support the employee's FMLA request."   *Id.* § 825.305(d).  Importantly, if "the employee never produces the certification, the leave is not FMLA leave." *Id.* § 825.313(b).

On appeal, Walker is not entitled to relief as to his FMLA interference claim because he has not sufficiently challenged each of the district court's independent grounds for granting summary judgment on this claim.  The district court concluded that summary judgment was warranted because: (1) Walker did not submit the required certification documentation to UPS or its third-party benefits administrator (Aetna Life Insurance Company); and (2) even if he had submitted the appropriate FMLA certifications, he still failed to show prejudice.  In determining that Walker had not submitted proper FMLA documentation, the district court explained that the one-page document he offered from Holy Cross Orthopedic Institute "did not list a date of onset, did not include any information about the nature of his illness, and noted only that Walker could not perform heavy lifting, carrying, pushing, [or] pulling until December 6, 2016," which was insufficient.  It also explained that the submissions from physician assistant Jamie Rubin and Dr. Alan Gregg failed to state "(1) that Walker could not work;

21-11267                Opinion of the Court                7

(2) the date on which Walker became incapacitated; or (3) the date on which Walker could return to work," and were thus insufficient.

Notably, Walker's initial brief does not address these deficiencies raised by the district court, nor does it otherwise properly challenge the court's finding that his documentation failed to satisfy the FMLA's certification requirements. Accordingly, we affirm the dismissal of his FLMA interference claim on that ground, without reaching the remaining arguments made by the parties as to this claim. *See Sapuppo*, 739 F.3d at 681.

## III.

We also are unconvinced by Walker's argument that the district court erred when it granted summary judgment to UPS on his FMLA retaliation claim. Absent direct evidence of the defendant's intent, courts evaluate FMLA retaliation claims under the *McDonnell Douglas*[1] burden-shifting framework. *Schaaf*, 602 F.3d at 1243. To establish a *prima facie* case of FMLA retaliation, the plaintiff must show that: (1) he engaged in statutorily protected conduct; (2) he suffered a materially adverse action; and (3) the adverse action was causally related to the protected conduct. *Id.*

When an employee requests time off or provides notice to his employer of his need to take time off for a serious health condition, he engages in statutorily protected activity under the FMLA. *Cruz*, 428 F.3d at 1383–84. If an employee cannot show he has a

---

[1] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

"serious health condition," his action of requesting time off for that condition is not an FMLA-protected activity. *See Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir. 2000) (holding that, when an employee did not provide her employer with certification that her medical condition met the statutory standard, the medical leave she took for that condition "was not under the auspices of the FMLA").

Once the plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the adverse action. *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009). If the employer proffers legitimate, non-retaliatory reasons for a materially adverse action, the burden shifts back to the employee to demonstrate, by a preponderance of the evidence, that the employer's reasons are pretextual. *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1310–11 (11th Cir. 2016).

Here, the district court did not err when it granted summary judgment to UPS on Walker's FMLA retaliation claim. Among other things, the district court found as a matter of law that Walker did not establish that he engaged in statutorily protected activity -- the first prima facie element of FMLA retaliation -- because he did not establish that he had a "serious health condition." *See Cash*, 231 F.3d at 1307. On appeal, however, Walker has not challenged the district court's determination that he had not engaged in an FMLA-protected activity, so he has abandoned the issue before us. *Access Now, Inc.*, 385 F.3d at 1330. Accordingly, we affirm on that

basis and need not consider arguments concerning UPS's proffered reason for firing him or whether it was pretext.[2]

**AFFIRMED.**[3]

---

[2] To the extent Walker seeks to challenge the district court's denial of his motion for summary judgment on his "employer-notice" claim, he fails to address the district court's finding that he had not plead an employer-notice claim in his complaint, rendering the claim untimely when he later raised it in his summary judgment filings. Accordingly, Walker has abandoned any challenge to the district court's denial of his motion for summary judgment as to that claim. See Access Now, Inc., 385 F.3d at 1330.

[3] Finally, Appellant Ryan Walker's counsel's motion to withdraw is GRANTED. The motion to stay the proceedings is DENIED AS MOOT.