[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13116

Non-Argument Calendar

_____

MARIE BOAN,

Plaintiff-Appellant,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cv-00369-AW-MAF

_____

Before Newsom, Abudu, and Dubina, Circuit Judges.

PER CURIAM:

Appellant Marie Boan appeals the district court's order granting summary judgment to the Florida Department of Corrections ("FDC") and dismissing her claims of retaliation under the Family and Medical Leave Act ("FMLA"), Florida state law age and gender discrimination under Florida's Civil Rights Act ("FCRA"), and Florida state law whistleblower retaliation under Florida's Whistleblower Act ("FWA"). Boan argues on appeal that the district court erred by (1) granting summary judgment to FDC on her FMLA retaliation claim because she proffered sufficient evidence to show a causal connection between her use of FMLA leave and FDC's adverse actions; (2) granting summary judgment to FDC on her discrimination claims because she proffered sufficient evidence to show that FDC's stated legitimate, nondiscriminatory reasons for its adverse actions were pretextual; and (3) granting summary judgment to FDC on her whistleblower retaliation claim because, as with her discrimination claims, she established that FDC's reasons for its adverse actions were pretextual. Having read the parties' briefs and reviewed the record, we affirm the district court's order granting summary judgment to the FDC.

## I.

"We review a district court's grant of summary judgment *de novo*, applying the same legal standards applied by the district court." *Valley Drug Co. v. Geneva Pharms., Inc.*, 344 F.3d 1294, 1303

(11th Cir. 2003).  A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "We view the summary judgment record in the light most favorable to the non-moving party, and we draw all reasonable inferences in favor of the non-moving party." *Stanley v. City of Sanford, Fla.*, 83 F.4th 1333, 1337 (11th Cir. 2023), *pet. for cert. docketed* (U.S. Mar. 12, 2024) (No. 23-997).

Under the FMLA, it is unlawful for an employer to retaliate against an employee because she engaged in activity protected by the Act. *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001) (citing 29 U.S.C. § 2615(a)(1) & (2)).  FMLA retaliation claims "can be supported with either direct or circumstantial evidence." *Lapham v. Walgreen Co.*, 88 F.4th 879, 889 (11th Cir. 2023).  "But when a plaintiff alleging retaliation presents only circumstantial evidence and no direct evidence, we apply the burden-shifting framework set forth by the Supreme Court in" *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-05, 93 S. Ct. 1817, 1823-26 (1973).  *Id.*  "Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of establishing a prima facie case of retaliation" which is established when the plaintiff shows that "'(1) [s]he engaged in statutorily protected [conduct]; (2) [s]he suffered an adverse employment action; and (3) there is some causal relation between the two events.'" *Id.* (alterations in original) (quoting *McAlpin v. Sneads*, 61 F.4th 916, 927 (11th Cir. 2023)).

To establish the causation element for a *prima facie* case of retaliation, "a plaintiff must show that the relevant decisionmaker was 'aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated.'" *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013) (quoting *Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002)). "Generally, a plaintiff can show the two events are not wholly unrelated if the plaintiff shows that the decision maker was aware of the protected conduct at the time of the adverse employment action." *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010). "Close temporal proximity between protected conduct and an adverse employment action is generally 'sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection.'" *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006) (quoting *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000)). "But mere temporal proximity, without more, must be 'very close.'" *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (holding that a 3-to-4-month disparity between the protected expression and the adverse employment action is not sufficient to establish temporal proximity) (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511 (2001)). However, "in a retaliation case, when an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse employment action does not suffice to show causation." *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006).

23-13116                Opinion of the Court                5

We conclude from the record that the district court did not err by granting summary judgment to FDC on Boan's FMLA retaliation claim because she failed to produce sufficient evidence showing a causal connection between her use of FMLA leave and FDC's adverse actions. The record shows that Boan took her FMLA leave from March to September 2020 and received notification in September 2020 that she was being transferred to Dade Correctional Institution ("DCI"). The record also shows that Boan learned as early as July 2019 that she would be transferred, which is before she took her FMLA leave. Thus, the temporal proximity between her return from FMLA leave and her transfer is insufficient to show causation. Because Boan failed to establish a *prima facie* case, we conclude that the district court did not err in granting summary judgment to FDC on her FMLA retaliation claim.

## II.

Under the FCRA, it is unlawful for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . [or] age." Fla. Stat. Ann. § 760.10(1)(a) (2022). "[B]ecause the FCRA is based on Title VII, decisions construing Title VII apply to the analysis of FCRA claims. *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020); *see also Byrd v. BT Foods, Inc.*, 948 So. 2d 921, 925 (Fla. Dist. Ct. App. 2007) ("The FCRA is modeled after Title VII, so that federal case law regarding Title VII is applicable to construe the Act.").

To establish a *prima facie* case of discrimination, a plaintiff must show that "1) [she] was a member of a protected class, 2) she was qualified to do the job, 3) she was subjected to an adverse employment action, and 4) similarly situated employees outside of the protected class were treated differently." *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012). "[O]nce a plaintiff makes a prima facie case, 'the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions.'" *Id.* (quoting *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004), *abrogated on other grounds by Lewis v. City of Union City, Ga.*, 918 F.3d 1213 (11th Cir. 2019) (*en banc*)). "Once the employer identifies a legitimate, nondiscriminatory reason for its decision, the presumption of discrimination disappears, and the burden shifts back to the plaintiff 'to demonstrate that the proffered reason was not the true reason for the employment decision,'" that is, that it was pretextual. *Id.* (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 256, 101 S. Ct. 1089, 1095 (1981)).

In the context of proving pretext, we have stated that, "[e]ven when good reasons—the factual bases for which are not rebutted—are proffered by an employer, a plaintiff can, in some circumstances, still show discrimination." *Rojas v. Florida*, 285 F.3d 1339, 1343 (11th Cir. 2002). "To do so, however, a plaintiff must show that [employees outside of the plaintiff's protected class] with employment histories like the plaintiff's were not subject to the same adverse employment action as the plaintiff." *Id.* at 1343.

23-13116                Opinion of the Court                7

We conclude from the record that the district court did not err by granting summary judgment to FDC on Boan's discrimination claims because Boan failed to show that any similarly situated younger male wardens were treated differently than she. The record demonstrates that Boan failed to submit sufficient evidence to create a genuine issue as to whether her proffered comparators were similarly situated to her as established in *Lewis*. Specifically, Boan failed to produce evidence showing that the younger male wardens engaged in the same basic conduct or misconduct as she. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1227 (11th Cir. 2019) (*en banc*).

Boan also asserts that she presented a convincing mosaic of age and sex discrimination to survive summary judgment. *See Jenkins v. Nell*, 26 F.4th 1243, 1250 (stating that a plaintiff can establish a convincing mosaic by pointing to evidence that demonstrates, among other things (1) suspicious timing, ambiguous statements, (2) systematically better treatment of similarly situated employees and (3) pretext). The only thing Boan references to create an inference in this regard is comments Regional Director Morgan said about her retirement; however, he never directly mentioned Boan's age nor made comments about her sex. Boan's arguments rely on her speculation, which is insufficient to satisfy the convincing mosaic standard. *See Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1311 (11th Cir. 2023). Therefore, we conclude that the district court properly found that Boan failed to establish a *prima facie* of sex or age discrimination, and it properly entered summary judgment for FDC.

### III.

Under the FWA, Florida agencies are prohibited from taking adverse personnel actions or retaliating against an employee for disclosing information pursuant to the Act.   Fla. Stat. Ann. § 112.3187(4)(a), (b).  We analyze FWA claims under the *McDonnell Douglas* framework.  *McAlpin v. Sneads*, 61 F.4th 916, 927 (11th Cir. 2023).  The elements for establishing a *prima facie* case for an FWA claim are the same as those for an FMLA retaliation claim.  *Id.*; *see also Rice-Lamar v. City of Fort Lauderdale*, 853 So. 2d 1125, 1132-33 (Fla. Dist. Ct. App. 2003) ("To establish a prima facie claim under Florida's Whistleblower statute, the requisite elements set forth under a Title VII retaliation claim are applied.").

"[T]o prove [an] adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a *serious and material* change in the terms, conditions, or privileges of employment."  *Holland*, 677 F.3d at 1057 (quoting *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405 (2006)).  "[T]he employment action must be materially adverse as viewed by a reasonable person in the circumstances."  *Id.* (quoting *Davis*, 245 F.3d at 1239).

The Supreme Court has held that Title VII's anti-retaliation provision "protects an individual not from all retaliation, but from retaliation that produces an injury or harm."  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67, 126 S. Ct. 2405, 2414 (2006).  To succeed on a Title VII retaliation claim, "a plaintiff must show that

a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68, 126 S. Ct. at 2415 (internal quotation marks omitted). "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id.*

We conclude from the record that the district court did not err by granting summary judgment to FDC on Boan's FWA claim because Boan failed to present sufficient evidence showing that FDC's stated legitimate, nonretaliatory reasons for her demotion were pretextual, and because she failed to show that her transfer to DCI or her subjection to three audits in one year were adverse actions. The record shows that there was uncontested evidence that FDC demoted Boan because of her failure to properly supervise at DCI, her failure to communicate with the Regional Director Morgan, the poor audit results, and the fact that DCI was in unacceptable states of appearance and operations. Thus, the district court properly granted summary judgment to FDC on Boan's FWA claim.

Accordingly, based on the aforementioned reasons, we affirm the district court's order granting summary judgment to FDC on Boan's employment discrimination claims.

**AFFIRMED.**