[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11108

Non-Argument Calendar

_____

VICTORIA A. HOLLOWAY,

Plaintiff-Appellant,

*versus*

TELAGEN, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-00943-KFP

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Victoria Holloway brought suit against her employer telaGen, LLC, alleging employment discrimination, retaliation, and leave interference. The magistrate judge granted summary judgment on Holloway's claims in favor of telaGen.[1] We affirm.

## I.

Victoria Holloway worked as a tissue recovery technician at telaGen, LLC, from 2017 to 2020. As part of her job duties, Holloway would meet with expecting mothers and recover birth tissue, which can be used for different tissue grafts. Holloway performed well as a technician and was even named employee of the year in 2019.

But her performance was not perfect. In December 2019, she failed to report to work without notifying her supervisor. Because of that absence, Holloway missed seven scheduled cesarean sections. When Brett Miller, telaGen's director of operations, approached Holloway about her absence, she lied about missing so many procedures, suggesting that she had been at work that day.

Miller later sent Holloway an email in January 2020, counseling her that her absence from work and subsequent

---

[1] The parties consented to jurisdiction by the magistrate judge.

dishonesty were unacceptable.  Holloway was warned that, going forward, she was to "report anything that prevents [her] from getting to work appropriately."  Holloway acknowledged Miller's email, and promised that this would "never happen again."

But it did happen again in April 2020.  This time, Holloway was supposed to be at work at 6:00 AM.  One of her supervisors asked her to check if the office had power once she arrived. Holloway confirmed that she would, but asked a coworker to do it instead.  It was not until 6:50 AM—nearly an hour after her shift started—that Holloway texted her supervisor that the power was not working.  Holloway was not seen at the office until about 8:30 AM.  Holloway claims she arrived at 6:15 AM, but does not otherwise dispute that she arrived late and failed to inform her supervisor.  After this second incident, Miller decided to fire Holloway.

Before she was fired, Holloway had voiced concerns about telaGen's COVID-19 response and her desire for leave.  In a company-wide conference call in March 2020, Holloway claimed that she was at an increased risk due to her pregnancy, and expressed the need for leave because of school and daycare shutdowns.  What's more, Holloway applied for leave under the Families First Coronavirus Response Act shortly before she was fired.  Her request was approved, but Miller claims he did not know about her leave until after her termination.

After she was fired, Holloway brought suit against telaGen, alleging leave interference under the FFCRA, as well as pregnancy

discrimination and retaliation under Title VII.[2]  The magistrate judge granted summary judgment for telaGen on all of these claims.  Holloway appeals.[3]

## II.

A district court's grant of summary judgment is reviewed de novo, "viewing all evidence and drawing all reasonable factual inferences in favor of the nonmoving party." *Lewis v. City of Union City*, 934 F.3d 1169, 1179 (11th Cir. 2019) (quotation omitted). Summary judgment is granted when a movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. (quotation omitted).

## III.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of sex.  42 U.S.C. § 2000e-2(a).  That includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."  *Id*. § 2000e(k).  "The analysis for a pregnancy discrimination claim is the same type of

---

[2] Holloway also asserted various claims under the Family and Medical Leave Act, which were resolved at summary judgment because telaGen does not have enough employees to be subject to claims under the FMLA.  She also brought a retaliation claim under the FFCRA, which was resolved at summary judgment because she abandoned it.  Holloway does not appeal the magistrate judge's summary judgment order as to her FMLA claims or FFCRA retaliation claim, so we do not address them here.

[3] Holloway also argues on appeal that the magistrate judge abused its discretion by denying her motion to alter or amend a judgment under Rule 59(e).  Because we affirm the magistrate judge's summary judgment order, we find no error with its decision to deny Holloway's Rule 59(e) motion.

analysis used in other Title VII sex discrimination suits." *Holland v. Gee*, 677 F.3d 1047, 1054–55 (11th Cir. 2012) (quotation omitted).

"There is more than one way to show discriminatory intent using indirect or circumstantial evidence." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1320 (11th Cir. 2012). One is under the "burden-shifting framework set out in *McDonnell Douglas*." *Id.* This is an evidentiary tool used to "establish an order of proof and production." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521 (1993). It involves a three-step process for a plaintiff to show intentional discrimination. *First*, a plaintiff must establish a "legally mandatory, rebuttable presumption" of intentional discrimination by showing that she (1) belongs to a protected class, (2) suffered an adverse employment action, (3) was qualified for the job in question, and (4) was treated less favorably by her employer compared to another employee who was similarly situated in all material respects. *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 n.6, 254 n.7 (1981); *Tynes v. Florida Dep't of Juv. Just.*, 88 F.4th 939, 944 (11th Cir. 2023). The burden then shifts to the defendant, who has a chance to "articulate a legitimate, nondiscriminatory reason for its actions." *Lewis v. City of Union City*, 918 F.3d 1213, 1221 (11th Cir. 2019) (en banc). Once the defendant has done so, the plaintiff can rebut the legitimate nondiscriminatory reason by showing that it is pretextual. *Id.*

Of course, a plaintiff is not limited to *McDonnell Douglas* because the ultimate question is the normal summary judgment standard—whether a reasonable jury could conclude that illegal

discrimination was the reason for the adverse employment action. *Tynes*, 88 F.4th at 946–47. We thus review all relevant circumstantial evidence to determine if a convincing mosaic of evidence has been presented such that a reasonable juror could find intentional discrimination. *Id.* at 946; *Hamilton*, 680 F.3d at 1320. Probative evidence may include, "among other things, (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) systematically better treatment of similarly situated employees, and (3) pretext." *Tynes*, F.4th at 946 n.2 (quotation omitted).

Holloway argues that she has provided enough evidence to show that she was discriminated against based on her pregnancy. She points to other employees who were also tardy but treated more favorably, and the close temporal proximity between Miller learning of her pregnancy and his decision to fire her.

Holloway's evidence, however, falls short. The employees she points to, while having histories of tardiness, differ in one material respect—none were dishonest about their tardiness after having already been disciplined for that misconduct. Indeed, other employees who were late without first notifying their supervisors were similarly counseled and instructed not to make the same mistake. The treatment of other employees who were also tardy thus does not suggest that Miller fired Holloway because she was pregnant.

While the temporal proximity between Miller learning about Holloway's pregnancy and her termination shows that

23-11108                Opinion of the Court                7

Miller knew Holloway was pregnant, Holloway has not offered any evidence to suggest that Miller had animus towards her because of her pregnancy. In fact, Holloway admits that she was late to work without notifying her supervisor in December of 2019 and April of 2020, and there is enough evidence to support Miller's reasonable conclusion that she was dishonest about her tardiness both times. And even if Miller's asserted reason for firing her is false, Holloway has not shown that discrimination was the *real* reason she was fired. *See Hicks*, 509 U.S. at 515. The magistrate judge did not err by granting summary judgment on Holloway's Title VII discrimination claim.

### IV.

Holloway's Title VII retaliation claim also fails because she did not show that she ever complained about discrimination. Title VII's antiretaliation provision provides that "employers cannot retaliate against employees who have complained about—that is, opposed—discrimination based on their race or sex." *Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1053 (11th Cir. 2020). Whether an employer retaliated depends on the nature of the complaint— there must be some allegation of discrimination based on a protected characteristic. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005).

Holloway has failed to show that she ever complained about illegal discrimination. Holloway points to the March 2020 company-wide conference call as the source of her complaint, but she never actually complained about discrimination during this

call.   Instead, she shared her general concerns about telaGen's COVID-19 procedures and the heightened risk to pregnant women.  Because Holloway has failed to show that she complained of discrimination, the magistrate judge properly granted summary judgment on her Title VII retaliation claim.

## V.

Lastly, Holloway appeals the summary judgment order on her leave-interference claim under the FFCRA.[4]  "To establish an interference claim, an employee need only demonstrate by a preponderance of the evidence" that she was "entitled to the benefit denied."  *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1235 (11th Cir. 2010) (quotation omitted).   Whether the employer intended to deny that benefit is irrelevant.  *Id.*  But in response, an employer can assert an "affirmative defense by showing that it did not interfere with its employee's substantive rights."  *Batson v. Salvation Army*, 897 F.3d 1320, 1331 n.6 (11th Cir. 2018).   It can establish this defense and avoid liability by showing that the employee was fired for a reason "wholly unrelated" to the leave.

---

[4] The FFCRA includes the Emergency Family and Medical Leave Expansion Act, which temporarily amended the FMLA to allow an employee to take leave "because of a qualifying need related to a public health emergency." 29 U.S.C. § 2612(a)(1)(F).  "The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. 2615, apply to Employers with respect to Eligible Employees taking, or attempting to take, leave under the EFMLEA." 29 C.F.R. § 826.151(a).

*Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1208 (11th Cir. 2001).

TelaGen has met its burden of proving that it fired Holloway for a reason "wholly unrelated" to her FFCRA leave. Miller testified that he did not become aware of Holloway's requested and approved leave until after she was fired. Holloway did not provide any evidence before the magistrate judge to rebut this; in fact, she only argued below that she was not required to show intent. But our cases make clear that unrebutted evidence of an employer's lack of awareness of an employee's leave is enough to show that the employee was fired for a reason unrelated to that leave. *See Krutzig*, 602 F.3d at 1236. Because telaGen established that it would have fired Holloway regardless of her leave, the magistrate judge did not err by granting summary judgment on Holloway's leave-interference claim.

⋆    ⋆    ⋆

We **AFFIRM** the magistrate judge's summary judgment order.